IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFREY S. GRIFFITH,

    Plaintiff,

v.  Civil Action No. 5:10CV37
(STAMP)
GE MONEY BANK and
NCO FINANCIAL SYSTEMS, INC.,
a subsidiary of NCO GROUP, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND AND
GRANTING THE PARTIES' JOINT MOTION TO DISMISS
DEFENDANT NCO FINANCIAL SYSTEMS, INC., WITHOUT PREJUDICE**

I.  Background

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendants, in which the defendants assert that federal jurisdiction is pursuant to 28 U.S.C. § 1332. The plaintiff states that his attorney sent correspondence to GE Money Bank requesting validation of debt and advising GE Money Bank to stop calling the plaintiff. Between September 27, 2008, after the defendants received this notice, and December 11, 2008, the plaintiff alleges that defendant GE Money Bank telephoned and sent the plaintiff letters attempting to collect on the debt and turned over his account to defendant NCO Financial Systems, Inc. for collection. The plaintiff commenced this civil action in the Circuit Court of Ohio County, West Virginia, alleging violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"). Following removal of the action to

this Court, the plaintiff filed a motion to remand to which defendant GE Money Bank filed a response. The plaintiff did not file a reply. Additionally, defendant NCO Financial Systems, Inc. and the plaintiff filed a joint motion to dismiss without prejudice defendant NCO Financial Systems, Inc. For the reasons set forth below, the plaintiff's motion to remand is denied and the parties' joint motion to dismiss defendant NCO Financial Systems, Inc. without prejudice is granted.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 95 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense

behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

### III. Discussion

A. Motion to Remand

In his motion to remand, the plaintiff asserts that this action must be remanded to state court because the defendants have failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interests and costs. This Court does not agree.

"The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal." Hutchens v. Progressive Paloverde Ins. Co., 211 F. Supp. 2d 788, 791 (S.D. W. Va. 2002) (citing McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 489 (S.D. W. Va. 2001)). The burden of establishing that the

3

amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins, 861 F. Supp. at 23. In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id.

After carefully reviewing the complaint and the parties' memoranda, this Court concludes that the defendants have satisfied their burden of proof and that the plaintiff's damages may exceed $75,000.00. The plaintiff seeks damages for violations of the WVCCPA. W. Va. Code § 46A-1-101 et seq. The plaintiff's complaint alleges that the defendants made more than 70 phone calls to the plaintiff with the "intent to annoy, abuse, oppress, or threaten" after the defendants knew that the plaintiff obtained representation. The WVCCPA allows recovery of $100.00 to $1,000.00 per violation. W. Va. Code § 46A-5-101(4). The statute provides for the amount to be increased to account for inflation. W. Va. Code § 46A-5-106. Adjusting the statutory penalty for inflation,

4

the maximum permissible penalty per violation is $4,283.42.[1]  In determining the amount in controversy, this Court "uses the maximum total statutory penalties" which may be imposed on the defendants under the statute.  <u>Countryman v. NCO Financial System, Inc.</u>, 2009 WL 1506720, *2 (S.D. W. Va. May 27, 2009) (unpublished).  The plaintiff would only need to prevail on eighteen of his WVCCPA claims to exceed the $75,000.00 amount in controversy requirement.  This Court finds that the defendants have met their burden with respect to the amount in controversy as the plaintiff alleges more than 70 violations of the WVCCPA in his complaint.

Further, the plaintiff seeks compensatory damages, attorney's fees, costs, punitive damages, and pre- and post-judgment interest.  Attorney's fees are not usually included in calculating the jurisdictional amount in controversy.  <u>Saval v. BL Ltd.</u>, 710 F.2d 1027, 1033 (4th Cir. 1983).  However, where the statute specifically creates a substantive right to recover attorney's fees, the fees may be considered in calculating the amount in controversy.  <u>Id.</u>  Accordingly, the plaintiff's motion to remand must be denied.

B.   <u>Motion to Dismiss</u>

On May 4, 2010, defendant NCO Financial Systems, Inc. and the plaintiff filed a joint motion to dismiss without prejudice defendant NCO Financial Systems, Inc. pursuant to Rule 41(a)(1).

---

[1] This calculation uses the Consumer Price Index values for September 1974 (50.6) and February 2010 (216.741).

5

For good cause shown, the parties' joint motion to dismiss is hereby granted.

IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is DENIED and the parties' joint motion to dismiss defendant NCO Financial Systems, Inc. without prejudice is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    June 11, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE